**UNITED STATES of America,**

v.

**Perry COUSINS, Defendant.**

**Criminal No. 4:10cr47–1.**

United States District Court, E.D. Virginia, Newport News Division.

Feb. 14, 2012.

Eric M. Hurt, Howard J. Zlotnick, Robert E. Bradenham, II, Valerie S. Muth, United States Attorney's Office, Newport News, VA, for Plaintiff.

Lawrence H. Woodward, Esquire, Virginia Beach, VA, Gregory B. Turpin, Esquire, Andrew A. Protogyrou, Esquire, Norfolk, VA, for Defendant.

1. The defendant submitted an identical motion on January 30, 2012, which the Clerk filed subject to defect because it lacked an original signature and a certificate of service to the United States Attorney.

## *ORDER*

REBECCA BEACH SMITH, Chief Judge.

This matter is before the court on defendant's pro se Motion for the Production of Trial Transcripts ("Motion"), filed on February 10, 2012.[1] Defendant's counsel filed basically the same motion on defendant's behalf on January 20, 2012, requesting permission to release copies of the transcripts to the defendant. After the government responded in opposition, the court denied that request in an order filed on February 2, 2012. For the reasons set forth in that order, and restated below, the court **DENIES** defendant's Motion.

On May 12, 2011, at the conclusion of a seven-day jury trial, the defendant was found guilty of Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 18, 19, 28, and 29 of the Superseding Indictment. The court sentenced the defendant to a total term of life, plus seven hundred twenty (720) months, to be served consecutively.[2] The defendant appealed the judgment of the court on August 17, 2011. The United States Court of Appeals for the Fourth Circuit appointed Andrew Protogyrou to represent the appellant on appeal.

As part of his appellate representation, defense counsel has obtained transcripts of this court's proceedings involving the defendant. The defendant now moves the court for permission to receive copies of the transcripts, so that he may assist counsel in preparation of his appeal. The government objected to release of copies of the transcripts to the defendant. In support of its position, the government asserts

2. *See* Judgment, ECF No. 217.

that "[d]uring the trial and in preparation for the trial, the United States addressed security concerns for the safety of its witnesses." Government's Objection 1, ECF No. 251. The government is concerned that by providing the defendant with copies of the trial transcripts, the defendant would again be allowed "to intimidate the witnesses by sharing transcripts with fellow inmates." *Id.*

■ "It is well settled that an indigent criminal defendant is entitled to a transcript of prior proceedings, at the government's expense, if it is reasonably necessary to present an effective defense at the subsequent proceeding." *United States v. Johnson,* 584 F.2d 148, 157 (6th Cir.1978) (citing 18 U.S.C. § 3006A(e)(1), and *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971)). However, that is not the issue here, as transcripts of the proceedings in this case have been prepared and defendant's appellate counsel is in possession of those documents. The issue instead is whether the court must also provide the defendant with personal copies of those transcripts. When the defendant is represented on appeal, the individual defendant "has a reduced need for the transcript of [a] hearing." *United States v. Talib,* 2:07cr3, 2008 WL 749620, at *1, 2008 U.S. Dist. LEXIS 22666, at *2 (W.D.Va. Mar. 21, 2008) (citing *United States v. Moussaoui,* 333 F.3d 509, 512 n. 3 (4th Cir.2003), for the related proposition that "the right of self-representation does not extend to appeals"). Further, as the government's objection points out, the court is not being asked to prevent this defendant from accessing the transcripts, but only to prevent him from gaining custody of them. *See* Government's Objection 2.

■ Conversely, there are strong factors in this case that caution against even the usual provision of copies to defendants. Similar to the circumstances in *Talib,* the court agrees with the government that providing this defendant with his own copies of the transcripts presents a "substantial risk" of retaliation. *See id.* at *1, 2008 U.S. Dist. LEXIS 22666, at *2. The court received evidence at sentencing, as well as during the trial, that the defendant and his associates purposefully engaged in witness intimidation. *See, e.g.,* Presentence Investigation Report ¶ 22(e), ECF No. 210 (defendant and associates "[u]sed intimidation, violence, and threats of violence against potential witnesses to thwart law enforcement efforts to successfully prosecute members of the Enterprise for their criminal activities"). The court is concerned that the defendant would use copies of the transcripts to intimidate or retaliate against the witnesses in his case.

Accordingly, defendant's Motion for the Production of Trial Transcripts is **DE-NIED.**[3] The Clerk is **DIRECTED** to send a copy of this Order to defendant, appellate defense counsel, and to the United States Attorney.

**IT IS SO ORDERED.**

---

**3.** Nothing in this order prevents Mr. Protogyrou from meeting with the defendant to go through the transcripts. The court places no restriction on the ability of the defendant to access and review transcripts from his case, so long as he is not permitted to retain or copy the transcripts themselves.